**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LISA CROFT,
              Appellant,

              v.

DEPARTMENT OF COMMERCE,
              Agency.

DOCKET NUMBER
SF-1221-16-0254-W-1

DATE: February 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven Granberg, Esquire, Albuquerque, New Mexico, for the appellant.

Adam A. Chandler, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) for whistleblower retaliation.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R.  § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify that the appellant failed to prove, by preponderant evidence, that she made any protected disclosure, we AFFIRM the initial decision.  We VACATE the administrative judge's alternative finding that the agency proved it would have taken the same actions in the absence of the appellant's disclosures.

¶2      In the instant whistleblower retaliation appeal, the appellant alleged that she made several protected disclosures.  *E.g.*, Initial Appeal File (IAF), Tab 1 at 19-20, Tab 26 at 7-8, Tab 42, Initial Decision (ID) at 2-3.  Though organized differently below, we will organize these disclosures based on their content to ensure clarity of the issues involved.

¶3      In Disclosure (1), the appellant reportedly disclosed that her first-level supervisor at the time, the Pacific Islands Regional Office (PIRO) Regional Administrator (RA), was orchestrating a number of budget irregularities or improprieties.  IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7.  The appellant alleged that she made this disclosure on several occasions between July 2012 and December 2013.  IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7.  The recipients were her second-level supervisor, the Deputy Assistant Administrator for Operations

(DAAO), and a Chief Financial Officer (CFO). IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7.

¶4      In Disclosure (2), the appellant reportedly disclosed that her first-level supervisor at the time, the PIRO RA, was engaging in or condoning intimidating, threatening, and aggressive behavior toward her. IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7-8. The appellant alleged that she made this disclosure to her second-level supervisor, the DAAO, in July 2012. IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7-8.

¶5      In Disclosure (3), the appellant reportedly disclosed that her first-level supervisor at the time, the PIRO RA, intended to violate the Endangered Species Act, Federal regulations, and agency policy as it related to recovery actions for false killer whales. IAF, Tab 1 at 20, Tab 6 at 6, 9-11, Tab 26 at 8. The appellant alleged that she made this disclosure to her second-level supervisor, the DAAO, in or around December 2013. IAF, Tab 1 at 20, Tab 6 at 6, 9-11, Tab 26 at 8.

¶6      Because of the aforementioned disclosures, the appellant alleged that she suffered various retaliatory personnel actions. IAF, Tab 6 at 11-12, Tab 26 at 8-9. Personnel Action (1) was her February 2014 reassignment from the position of Fisheries Administrator to the position of Fisheries Program Specialist, which the agency characterized as a product of the appellant's misconduct. IAF, Tab 1 at 10-11, Tab 26 at 8. Personnel Action (2) was the appellant's 2014 performance rating. IAF, Tab 26 at 9. Personnel Action (3) was the appellant's relocation from Hawaii to Maryland, which the agency characterized as inexorably linked to the aforementioned reassignment, delayed to accommodate the appellant's medical needs. IAF, Tab 26 at 9, Tab 40 at 7.

¶7      After exhausting her administrative remedies with the Office of Special Counsel (OSC), the appellant filed the instant IRA appeal. IAF, Tab 1. The administrative judge found that the appellant established jurisdiction and, as a result, held the requested hearing. IAF, Tab 39, Hearing Compact Disc (HCD). However, he denied corrective action, finding that the appellant failed to prove

that she made any protected disclosures.  ID at 7-14.  Alternatively, the administrative judge found that if the appellant had met her burden of proof, the agency proved that it would have taken the same personnel actions, notwithstanding the disclosures.  ID at 14-24.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response.  PFR File, Tab 5.

¶8      Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Id.*, ¶ 6.  The test to determine whether a whistleblower has a reasonable belief in the disclosure is an objective one:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Id.*

¶9      If an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.  *Id.*, ¶ 5.  If the appellant proves that a protected disclosure or protected activity was a contributing factor in a personnel action taken against her, the agency is given an opportunity to prove, by clear and convincing evidence, that it

would have taken the same personnel action in the absence of the protected disclosure or activity. *Id*.

The appellant failed to prove that Disclosure (1) was protected.

¶10 As previously discussed, Disclosure (1) reportedly involved budget irregularities or improprieties orchestrated by the PIRO RA. *Supra* ¶ 3. The appellant described these improprieties in a number of different ways, with varying degrees of specificity. IAF, Tab 1 at 19, Tab 6 at 6-9, Tab 26 at 7-8. She appears to acknowledge that there is no documentary evidence of these disclosures—the appellant alleges that they occurred during personal conversations. *E.g*., IAF, Tab 6 at 6.

¶11 Although the appellant alleged that there were two recipients of Disclosure (1), the DAAO and a CFO, only the DAAO testified at the hearing. *See, e.g*., IAF, Tab 21 at 9-10, Tab 26 at 7. The administrative judge found that the DAAO provided specific and credible testimony contrary to the appellant's allegations. ID at 10-11 (citing HCD (testimony of the DAAO)). The DAAO testified that the parties discussed budgetary issues, generally, as was customary for their positions, but the appellant never disclosed any improprieties. *Id*. He further testified that he heard of no budget irregularities secondhand, through the other alleged recipient of Disclosure (1), the CFO. *Id*. The administrative judge also found that, even when considering the appellant's testimony on the matter, she failed to show that she raised specific matters that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). ID at 11-13 (citing HCD (testimony of the appellant)).

¶12 On review, the appellant argues that, based on her experience and training, she had a reasonable and good faith belief regarding "concerns she was raising." PFR File, Tab 3 at 6. We find the argument unavailing. In concluding that Disclosure (1) was not protected, the administrative judge made complete credibility findings based, in part, on the demeanor of the witnesses. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (identifying some of the

relevant credibility factors in assessing witness testimony). The appellant has not identified any basis for us to disturb those well-reasoned findings.

The appellant failed to prove that Disclosure (2) was protected.

¶13    On appeal, the appellant described Disclosure (2) as involving an abuse of authority in the form of "intimidation, threats, aggressive and violent behavior" by the PIRO RA and one of the appellant's subordinates. IAF, Tab 1 at 6, Tab 6 at 7-9. Her initial complaint to OSC used similar language. IAF, Tab 1 at 19, 25, Tab 6 at 6-9, Tab 26 at 7-8.

¶14    The Board has recognized that an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 27 (2015), *aff'd per curiam*, 652 F. App'x 971 (Fed. Cir. 2016). Harassment or intimidation of employees may constitute an abuse of authority. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011).

¶15    The appellant asserted that she disclosed "intimidation, threats, aggressive and violent behavior." *E.g.*, IAF, Tab 1 at 6, Tab 6 at 7-9. Specifically, she alleged that the PIRO RA harassed and intimidated her, yelled and abused his authority, engaged in unprofessional and disrespectful behavior, and made inappropriate remarks about other employees "that violated [equal employment opportunity law]." IAF, Tab 22 at 64-65. The appellant went on to provide particular examples of this behavior. She alleged that the PIRO RA once screamed and instructed her to tell some official partners to "f* off" during a telephone call; he took home leftover food from an event—food that generally would have been made available to office staff; he made inappropriate jokes and comments, such as referring to certain individuals as "those kind of people" and "little brown people"; he informed the appellant of a complaint lodged against her and indicated that it reflected poorly on him; and he initially denied a reasonable

accommodation request she made, claiming she needed to be in the office due to the "'accusations' circling around."[2]  *Id*.

¶16    In a prehearing conference summary, the administrative judge advised the appellant that Disclosure (2) did not appear to be protected, but he did not altogether dismiss it as nonfrivolous.  IAF, Tab 26 at 8.  Instead, he allowed the appellant to further develop the matter at the hearing.  IAF, Tab 41 at 5; HCD (testimony of the appellant and the DAAO).  Nevertheless, the initial decision appears to conclude that the appellant failed to meet the nonfrivolous standard for Disclosure (2).[3]  ID at 7.  On review, the appellant argues that the administrative judge failed to adequately consider witness testimony describing the PIRO RA's behavior as unprofessional.  PFR File, Tab 3 at 6, 38-41.  We are not persuaded.

¶17    The appellant has not identified any evidence that appears particularly relevant to her burden concerning Disclosure (2).  IAF, Tab 41 at 5; PFR File, Tab 3 at 6.  In fact, the appellant has referred to testimony from the alleged recipient, the DAAO, but that individual characterized their discussions as including allegations of rudeness, abruptness, and condescension—he did not describe discussions of specific acts that might rise to the level of an abuse of authority.  *See, e.g.*, PFR File, Tab 3 at 6, 27-28, HCD (testimony of the DAAO).  The appellant's own testimony was similarly imprecise.  HCD (testimony of the appellant).

---

[2] Concerning the reasonable accommodation request, the appellant alleged that the PIRO RA's initial response was to say "no" and suggest that she should come into the office via "the old people's bus."  HCD (testimony of the appellant).  However, she further explained that the request was ultimately granted, after she submitted the relevant paperwork to the agency's reasonable accommodation office.  *Id*.

[3] We find that the more appropriate disposition is to conclude that the appellant failed to meet her burden to prove that she made a protected disclosure by preponderant evidence. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016) (explaining that doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction).  We modify the initial decision accordingly.

¶18    Under the circumstances, we agree with the administrative judge's conclusion that the appellant failed to prove that Disclosure (2) was protected. ID at 7. She failed to show that she disclosed specific actions that rose to the level of an abuse of authority. *Cf. Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 15 (2013) (finding that an employee had a reasonable belief that he was disclosing an abuse of authority when he disclosed that a nonfederal employee had veto power over the selection of an individual for a Federal position); *Herman*, 115 M.S.P.R. 386, ¶ 11 (finding that a disinterested observer could reasonably conclude that a supervisor's specific threat to an employee's career constituted an abuse of authority).

The appellant failed to prove that Disclosure (3) was protected.

¶19    As relevant background to Disclosure (3), the record includes evidence that the Natural Resources Defense Council (NRDC) petitioned the agency to list the false killer whale as "an endangered species and designate critical habitat to ensure its recovery pursuant to . . . the Endangered Species Act." IAF, Tab 22 at 33-38. Following a period of agency inaction, the NRDC warned that it intended to bring legal action. *Id*. at 39-41. In May 2012, the NRDC followed through, filing a complaint in Federal court. *Id*. at 46-48. According to the appellant, the species was ultimately listed as endangered in November 2012.[4] IAF, Tab 6 at 10. She further asserts that, to attempt to follow the law and avoid further conflict with the NRDC, she signed off on a Federal Register notice pertaining to a recovery outline in September 2013. *Id*. at 10, 37-38. She did so while serving as the acting PIRO RA. *Id*. at 10. When the actual PIRO RA learned of this, in October 2013, he reportedly responded to her with hostility, asserting that he had no intention of ever doing a recovery plan for the false killer whale and that the appellant should not have signed off on the Federal Register

_____

[4] The record includes additional background information concerning false killer whales and the agency's role in protecting them. *E.g*., IAF, Tab 25 at 44-52.

notice. *Id*. at 11, 36. According to the appellant, she disclosed that response to the DAAO, and that was Disclosure (3). *E.g.*, *id*. at 6.

¶20     While testifying at the hearing, the PIRO RA explained his discussion with the appellant by indicating that, while he would eventually need to, he had no immediate plan to put forth the recovery plan due to limited resources. ID at 13; HCD (testimony of the PIRO RA). The administrative judge found that, at best, the appellant disclosed that the PIRO RA did not intend to comply with the agency's "Interim Endangered and Threatened Species Recovery Planning Guidance" (Recovery Guidance) at some point in the future—she did not disclose that he already had failed to comply with it or any law, rule, or regulation. ID at 13-14; IAF, Tab 22 at 51, 53. The appellant has essentially conceded that point, acknowledging that the relevant discussion she had with the PIRO RA occurred in October 2013. IAF, Tab 6 at 9-11, Tab 22 at 67; PFR File, Tab 3 at 9-10. At that time, the deadline for putting forth a recovery plan was still 6 months away. IAF, Tab 22 at 53.

¶21     On review, the appellant alleges that 5 U.S.C. § 2302(b)(8)(A)(i) should be interpreted to include not only violations of law, rule, or regulation, but also any expressed intent to violate a law, rule, or regulation. PFR File, Tab 3 at 10. However, she has failed to identify any persuasive reasoning for interpreting the statute in that way, contrary to its plain language. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 7 (2016) (observing that the starting point for statutory construction is the language of the statute itself, which, if clear, must control absent plainly expressed legislative intent to the contrary). Alternatively, the appellant alleges that her disclosure should qualify as a disclosure of an abuse of authority. PFR File, Tab 3 at 10. For similar reasons, this argument is unavailing. The appellant has not met her burden of proving that she reasonably believed Disclosure (3) reflected an abuse of authority, which, by definition, includes an actual exercise of power with an actual affect. *See supra* ¶ 14. In any event, given that the deadline for submitting a recovery plan was still 6 months

away, we conclude that the appellant's stated belief that wrongdoing would occur is too speculative to warrant protection. *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 10 (2013) (finding that disclosure of an imminent event may constitute disclosure of a substantial and specific danger, but disclosure of a speculative danger does not).

We vacate the administrative judge's alternative finding.

¶22        The administrative judge found that, even if the appellant met her burden of establishing a prima facie case of whistleblower retaliation, the agency met its burden of proving by clear and convincing evidence that it would have taken the same personnel actions notwithstanding the disclosures. ID at 14-24. Because we have found that the appellant failed to prove that she made a protected disclosure, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the actions at issue in the absence of the disclosure. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its clear and convincing burden. As a result, we will not address the appellant's arguments pertaining to this finding.[5] PFR File, Tab 3 at 11-25.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                 /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.